UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZECHARY T. EDWARDS,

      Petitioner,

v.                                                    Case No. 6:13-cv-1815-Orl-31GJK
                                                      (6:10-cr-146-Orl-31GJK)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and a supplement to the motion (Doc. No. 8) filed by Zechary T. Edwards.   The Government filed a response (Doc. No. 5) to the section 2255 motion and to the supplement (Doc. No. 13) in compliance with this Court's instructions.   Petitioner filed a reply to the Government's responses (Doc. No. 16).

Petitioner alleges five claims for relief.   *See* Doc. Nos. 1 & 8.   For the following reasons, the § 2255 motion is denied.

### I.   *Procedural History*

Petitioner was charged by superseding indictment with aiding and abetting the possession with intent to distribute fifty or more grams of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1) (count one); knowingly using and carrying a firearm during and in relation to, and knowingly possessing a firearm in furtherance of,

a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and (2) (count two); and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (e)(1) (count three).   (Criminal Case No. 6:10-cr-146-Orl-31GJK, Doc. No. 23).[1]   The Government filed an information pursuant to 21 U.S.C. § 851 indicating its intent to seek an enhanced penalty on count one.   *Id.* at 30.   Petitioner pled guilty as charged; however, the Court subsequently granted Petitioner's motion withdraw the plea.   *Id.* at 61.

Petitioner filed a motion to suppress, which the Court denied after a hearing.   *Id.* at 65, 88, 116, & 117.   Petitioner subsequently entered a plea of guilty as charged.   *Id.* at 99, 118.       The Court sentenced Petitioner to concurrent 180-month terms of imprisonment for counts one and three and to a consecutive 60-month term of imprisonment for count two.   *Id.* at 110, 120.   Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed.   *Id.* at 126.

## II.   *Legal Standard*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.   *Id.*

---

[1]  Criminal Case No. 6:10-cr-146-Orl-31GJK will be referred to as "Criminal Case."

at 687-88.   The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance.   *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).   To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."   *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   *Strickland*, 466 at 689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.   Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.   *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy.   We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).   Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."   *Rogers v.*

3

*Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.    Analysis

#### A.      Claims One and Three

In claim one, Petitioner asserts that trial and appellate counsel rendered ineffective assistance by failing to "reveal to the court the nefarious actions of the City of Daytona Beach Police Department and their staged Terry Stop. . . ."   (Doc. No. 1 at 4; Doc No. 1-1 at 14.)   Likewise, in claim three, Petitioner contends that counsel rendered ineffective assistance at sentencing by failing to question the law enforcement officers about why they did not obtain a search warrant.   (Doc. No. 1 at 7.)   In support of these claims, Petitioner summarily argues that the Government orchestrated a scheme to arrest him by claiming that they were looking for fugitive Anthony White ("White").   (Doc. No. 1-1 at 15-16.)   According to Petitioner, the law enforcement officers should have known that White did not live at the residence at which they stopped Petitioner and subsequently arrested him.   *Id.*   Petitioner also complains that the officers did not determine prior to the stop that the vehicle in which Petitioner was located did not belong to White.   (Doc. No. 1 at 7.)

Defense counsel filed a motion to suppress the evidence seized based on law enforcement's stop of Petitioner.   Counsel argued that the evidence should be suppressed because Petitioner and his automobile were seized without a warrant and without reasonable suspicion.   (Criminal Case Doc. No. 65.)   At the suppression hearing, the law enforcement officers involved in Petitioner's arrest testified about the

4

circumstances surrounding hisarrest.   (Criminal Case Doc. Nos. 116 & 117.)   Counsel thoroughly cross-examined the officers.   *Id*.   Thereafter, the Court denied the motion. (Criminal Case Doc. No. 117 at 52-56.)

The Court found the officers to be credible and that the officers relied on reliable information from a known individual that White, an African-American male, may be found in the 700 block of Indiana Street in a German-made automobile.   *Id*.   Petitioner's stop occurred when the officers observed Petitioner, who generally matched White's description, parked in a black Audi at the residence of 731 Indiana Street.   *Id*.   The Audi was backed into the driveway, and its tags were not visible to the street.   Petitioner attempted to drive away when approached by the officers and subsequently fled the vehicle on foot.   *Id*.   The officers observed drugs, a firearm, and money in Petitioner's vehicle in plain view.   *Id.*   For these reasons, the Court concluded that no basis existed to suppress the evidence.   *Id.*

Petitioner has not offered any evidence establishing that the officers acted nefariously.   Vague and conclusory claims failing to state facts which would demonstrate an entitlement to relief can be dismissed without further consideration. *Blackledge v. Allison*, 431 U.S. 63 (1977); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, speculative, or unsupported claims cannot support a claim of ineffective assistance of counsel).

To the extent Petitioner complains the officers should have known that White did not live at 731 Indiana Street, this does not impact the Court's analysis and denial of the

motion to suppress.   The officers did not testify that they thought White lived at this address.   Instead, Sergeant Eisner received information that White may be at his mother's home in the area of Indiana Street or dealing drugs at the address of 731 Indiana Street.   (Criminal Case Doc. No. 116 at 6-7, 24.)   Thus, counsel had no reason to argue or present evidence showing that the officers knew White did not live at 731 Indiana Street.

Additionally, the officers were not able to see the license plate on Petitioner's vehicle because it was backed into the driveway.   Moreover, Officer McBride testified that he had not seen the Audi at 731 Indiana Street prior to the date of Petitioner's stop. (Criminal Case Doc. No. 116 at 47.)   The officers, therefore, had no opportunity to check the ownership of the vehicle before the investigatory stop.   Consequently, claims one and three are speculative, and Petitioner has not established either deficient performance or prejudice.   Accordingly, these claims are denied.

### B.   *Claim Two*

Petitioner maintains that the Government engaged in prosecutorial misconduct. In support of this claim, Petitioner argues that the Government was complicit in law enforcement's scheme to arrest and search him.

This claim is premised on Petitioner's contention that law enforcement acted nefariously in their stop and seizure of him.   However, as discussed *supra*, Petitioner's stop and seizure were legal.   Petitioner has offered no evidence establishing that the officers fabricated their testimony or lacked a reasonable suspicion to stop Petitioner.

Consequently, Petitioner has not demonstrated any prosecutorial misconduct. Accordingly, claim two is denied.

### C.    Claim Four

Petitioner asserts that his sentence enhancements premised on drug quantity and his prior convictions are unconstitutional because they were not found by a jury or pled in the superseding indictment.    Petitioner relies on *Alleyne v. United States,* 133 S. Ct. 2151 (2013).

The Eleventh Circuit Court of Appeals has held "that it is constitutionally permissible for a district judge to enhance a defendant's sentence and impose a mandatory-minimum sentence, based on prior convictions that were not found by the jury." *United States v. Porter*, No. 14-10223, 2015 WL 1874208, *2 (11th Cir. Apr. 24, 2015) (citing *United States v. Smith,* 775 F.3d 1262, 1266 (11th Cir. 2014) for the proposition that "*Alleyne* did not overrule *Almendarez–Torres,* and the Fifth and Sixth Amendments do not limit the use of [the defendant's] prior convictions.").    Moreover, contrary to Petitioner's contention, the drug quantity was alleged in the superseding indictment, and Petitioner did not dispute the drug quantity when he entered his plea.    (Criminal Case Doc. No. 23 at 1; Criminal Case Doc. No. 118 at 19.)    Accordingly, claim four is denied.

### D.    Claim Five

In his supplement to the § 2255 motion, Petitioner asserts that he is actually innocent of his sentences.    In support of this claim, Petitioner argues that his prior conviction for possession with intent to sell or deliver a controlled substance pursuant to

Section 893.13, Florida Statutes, does not constitute a predicate conviction for enhancement purposes.   Petitioner relies on *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) and *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013).[2]

The Eleventh Circuit Court of Appeals has rejected the argument raised in this claim.   Specifically, the Court held "Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b)."   *United States v. Smith,* 775 F.3d 1262, 1268 (11th Cir. 2014). Accordingly, claim five is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:10-cr-146-Orl-31GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 142) pending in that case.

_____

[2] Assuming *Moncrieffe* is not retroactive to cases on collateral review, this claim is untimely because it does not relate back to Petitioner's timely filed claims.

8

4.     This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3]   Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of May, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1
Zechary Torrance Edwards
Counsel of Record

---

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.